UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BUILDERS MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CV-22 |
| | ) | (BERTELSMAN/GUYTON) |
| V. | ) | |
| | ) | |
| CLAYTON PICKENS, JAMA PICKENS, and | ) | |
| JOHN R. UNDERWOOD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are a Motion for Additional Time to Respond to Motion for Summary Judgment [Doc. 17], filed by Defendants Clayton Pickens and Jama Pickens, and a Motion to Defer Consideration of Motion for Summary Judgment [Doc. 20], filed by John R. Underwood. For the reasons stated herein, these motions will be **GRANTED IN PART** and **DENIED IN PART**.

This declaratory judgment action was filed January 15, 2013. [Doc. 1]. The Defendants were served in January 2013, and they filed Answers in February 2013. On February 15, 2013, the District Judge issued a Scheduling Order, and on March 24, 2013, the parties filed their Report Under Rule 26(f) [Doc. 11]. The Rule 26(f) Report set March 29, 2013, as the deadline for initial disclosures, and confirmed that answers to written discovery were due within thirty (30) days of the written discovery being served. The Plaintiff produced its initial disclosures on

or before March 29, 2013. As of the hearing date of May 13, 2013, the Defendants had not produced their initial disclosures.

On March 27, 2013, the Plaintiff filed its Motion for Summary Judgment [Doc. 13], arguing that the language of its policy did not provide coverage for the claims alleged in <u>Pickens v. Underwood</u>, a case pending in Blount County, Tennessee.

On April 17, 2013, and April 22, 2013, the Defendants filed the instant motions, which were set for hearing on May 13, 2013. The parties appeared before the undersigned on May 13, 2013, to address these motions. Attorney William Paul Whitt was present representing the Plaintiff. Attorney Jeffrey Murrell was present representing Defendants Clayton and Jama Pickens, and Attorney James MacDonald was present representing Defendant Underwood.

Defendants Clayton and Jama Pickens ("the Pickens Defendants") move the Court to defer considering the Plaintiff's Motion for Summary Judgment to allow time for discovery. The Pickens Defendants submitted the Affidavit of Attorney Jeffrey R. Murrell, [Doc. 19], in support of this position. In the Affidavit, Mr. Murrell submits that the cost of the litigation, which underlies the coverage issue before this Court, "has grown exponentially as a result of Plaintiff's intervention in the [underlying] litigation." [Doc. 19 at 2]. Mr. Murrell asserts that "Plaintiffs now seek to walk away from the litigation without providing any explanation as to why it has acted in the manner in which it has acted." [<u>Id.</u>]. Having stated this allegation, Mr. Murrell asserts "it's entirely appropriate to be allowed to conduct discovery into these specific matters." [<u>Id.</u>]. Alternatively, the Pickens Defendants requested an extension of their time for responding to the Motion for Summary Judgment.

At the hearing, the Pickens Defendants argued, in addition, that the agent who sold the policy at issue in this case may have bound the Plaintiff with regard to coverage. In support of

this position, counsel for the Pickens Defendants cited the Court to Bill Brown Const. Co., Inc. v. Glens Falls Ins. Co., 818 S.W.2d 1 (Tenn. 1991), in which the Supreme Court of Tennessee held that "an insurer may be estopped to deny coverage for any loss by the misrepresentations of its agent upon which the insured reasonably relies." Id. at 12.

Defendant Underwood also moves the Court to defer considering the Plaintiff's Motion for Summary Judgment to allow time for discovery. In support of this request, Defendant Underwood has submitted the Affidavit of James S. MacDonald [Doc. 20-1]. Mr. MacDonald submits that Defendant Underwood needs discovery with regard to whether Defendant Clayton Pickens operated his residential home contracting business as a partnership with Defendant Jama Pickens. [Id. at 1-2]. Mr. MacDonald states that the Pickens have denied the existence of a partnership in the underlying litigation and "consequently discovery is needed on this important issue." [Id. at 2].

Defendants move the Court to delay disposition of the Motion for Summary Judgment in this case pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) states, as follows:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In this case, the Court finds that the Defendants have not shown that they "cannot present facts essential to justify [their] opposition." Initially, the Court finds that the Defendants could have obtained written discovery from the Plaintiff during the time since they conducted their Rule 26(f) conference, but they chose not to pursue written discovery. Moreover, the Defendants have failed to comply with the initial disclosure deadline they agreed to at the Rule 26(f) meeting. There is no stay of discovery in this case, and no party has moved for such relief. Notwithstanding, the Defendants have not served interrogatories or requests for production on the Plaintiff, nor have they noticed any depositions. As a practical matter, it appears to the Court that the Defendants move the Court to defer considering the Motion for Summary Judgment to allow time for discovery, but at the same time, the Defendants have not participated in or pursued any discovery. The Defendants' failure to pursue discovery undercuts, at least to a degree, their request to stay consideration of the Motion for Summary Judgment.

In addition, the Pickens Defendants have not specified any method of discovery they intend to pursue or identified a particular piece of evidence that is essential to defending the Motion for Summary Judgment. At the hearing, counsel for the Pickens Defendants asserted, for the first time, that the Court should delay considering the Motion for Summary Judgment to allow them to take the deposition of the agent who sold the policy. Arguably, this request should not be considered because it was not set forth in the affidavit submitted to the Court. Even if the Court considers the designation of the agent's deposition as the discovery sought, the Court finds that its relevance to this case is questionable. The imposition of fault to the Plaintiff through an agent/broker is not specifically pled – as either an affirmative defense or counterclaim – in the Pickens Defendants' Answer [Doc. 7].

Similarly, Defendant Underwood has not specified any method of discovery he intends to pursue or identified a particular piece of evidence that is essential to defending the Motion for Summary Judgment. When the Court asked counsel for Defendant Underwood how general discovery relating to whether the Pickens Defendants operated a partnership would be relevant to deciding the Motion for Summary Judgment, counsel stated that its relevance was "not clear" but noted that the evidence could potentially go to credibility. It appears to the undersigned that credibility is not likely to be weighed in deciding the Motion for Summary Judgment, which relies almost exclusively upon the plain language of the policy.

Based on the foregoing, the Court finds that the Defendants have not shown that they "cannot present facts essential to justify [their] opposition." The Court, therefore, finds that deferring disposition of the Motion for Summary Judgment until certain discovery is obtained is not appropriate. In so finding, the Court has also considered the cost that counsel for the Plaintiff represented is being incurred in continuing to provide a defense to the Pickens Defendants in the underlying litigation. Further, the Court has considered the fact that discovery is not and has not been stayed in this case. The Defendants may take discovery, within the bounds of Rule 26(f), and may move the District Judge for leave to supplement the record with such discovery. They do so at their own hazard, however, recognizing that because they delayed obtaining discovery initially, the District Judge may decide the Motion for Summary Judgment before such discovery is obtained or without granting leave to supplement.

Accordingly, the pending Motions **[Docs. 17, 20]** are **DENIED** to the extent they move the Court to defer consideration of the Motion for Summary Judgment. The Court, however, finds that a short extension of the briefing schedule for the Motion for Summary Judgment is appropriate, because the Defendants apparently were waiting on the undersigned to rule before

5

they filed their responses to the Motion for Summary Judgment. Thus, to the extent the Motions seek a brief extension of the briefing schedule, this request is **GRANTED**.

The Defendants shall have up to and including **May 29, 2013**, to respond to the Motion for Summary Judgment. Thereafter, the Plaintiff will have up to and including **June 7, 2013**, to file its final reply.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge